25CA0505 Peo in Interest of Sweeney 05-15-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0505
Arapahoe County District Court No. 25MH133
Honorable H. Clay Hurst, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Alissa Jordan Sweeney,

Respondent-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE SCHUTZ
Fox and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

---

Ronald Carl, County Attorney, Meghan K. Rubincam, Senior Assistant County Attorney, Aurora, Colorado for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1    Respondent, Alissa Jordan Sweeney, appeals the district court order authorizing the involuntary administration of olanzapine (Zyprexa), an antipsychotic, and valproic acid (Depakote), a mood-stabilizing medication.  We affirm.

## I.    Background

¶ 2    Sweeney was admitted to the Colorado Mental Health Hospital in Pueblo (CMHHIP) after being found incompetent to proceed to trial on criminal charges.  She was placed on emergency medications after "she became assaultive toward staff members and bit one nurse multiple times."  The People then dismissed the charges against Sweeney and petitioned for short-term certification and involuntary treatment pursuant to section 27-65-109, C.R.S. 2024.  Specifically, they requested authorization to treat her with Zyprexa, fluphenazine (a second antipsychotic), and Depakote.  The physician's affidavit accompanying the petition asserted that despite a short period of involuntary treatment with Zyprexa, Sweeney continued to exhibit acute symptoms of unspecified schizophrenia, unspecified psychotic disorder, and mania.

¶ 3    Consistent with *People v. Medina*, 705 P.2d 961 (Colo. 1985), the physician's affidavit also asserted that (1) Sweeney is incapable

of participating in decisions affecting her health and treatment; (2) the requested treatment is necessary to prevent a significant and likely long-term deterioration in her mental health condition or to prevent the likelihood of her causing serious harm to herself or others; (3) a less intrusive treatment alternative is not available; and (4) Sweeney's need for treatment is sufficient to override any bona fide and legitimate interest she has in refusing treatment.[1]

¶ 4        Sweeney did not challenge her short-term certification, but she requested a hearing on the involuntary medication order.  At the hearing, the testifying physician, Dr. Hareesh Pillai, rescinded the request for fluphenazine and requested an order authorizing treatment with only (1) Zyprexa, orally and if declined, by intramuscular injection; and (2) the Depakote, orally or via a nasogastric (NG) tube.  Sweeney testified that she preferred to be

---

[1] When the state seeks to administer antipsychotic drugs to a mentally ill criminal defendant involuntarily so that she can stand trial, a reviewing court applies the Supreme Court's test in *Sell v. United States*, 539 U.S. 166, 178 (2003).  However, reviewing courts apply state law tests if the state, as here, seeks to administer antipsychotics involuntarily for "a different purpose," including a purpose "related to the individual's dangerousness, or . . . the individual's own interests where refusal to take drugs puts his health gravely at risk."  *Id.* at 181-82.

treated with Benadryl, melatonin, Vicodin, and antibiotics. Her testimony also revealed delusional thoughts consistent with those alleged by CMHHIP. Sweeney's attorney argued that, considering her alleged side effects from Zyprexa (including that she had once been poisoned by Zyprexa "and it took four different hospitals to put a blocker in"), the People had not set forth clear and convincing evidence for the fourth *Medina* element.

¶ 5 The district court found that Dr. Pillai's testimony was credible, and Sweeney's was not. It found that the People had presented clear and convincing evidence for each of the *Medina* elements. As relevant to this appeal, the court found that Dr. Pillai's testimony supported its finding as to the third *Medina* element, and no alternative treatment had been proposed. It issued an order authorizing CMHHIP staff to involuntarily administer the requested medications for a period of two months. The court specified that Zyprexa was to be offered orally, and if Sweeney refused, it could be administered by intramuscular injection. For the Depakote, the court ordered that it was to be offered orally, and if rejected, it could be administered by intravenous injection (if available) or by NG tube. For the NG tube, the court further

required that its placement be accompanied by litmus paper or X-ray precautions to ensure that the tube was not erroneously placed in Sweeney's lung.

## II.    Discussion

¶ 6    On appeal, Sweeney challenges the sufficiency of the evidence only for the third *Medina* element.  As we understand her argument, she contends that treating her with Zyprexa alone is an available less intrusive alternative, and Dr. Pillai's testimony was insufficient to establish her need for Depakote.

### A.    Legal Authority and Standard of Review

¶ 7    A district court may authorize the involuntary administration of medication to a patient only if the People establish each of the *Medina* elements by clear and convincing evidence.  *Medina,* 705 P.2d at 973; *see People in Interest of Strodtman*, 293 P.3d 123, 131 (Colo. App. 2011).  A physician's testimony alone may constitute clear and convincing evidence.  *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

¶ 8    When, as here, a patient challenges the sufficiency of the evidence supporting the district court's findings on any of these elements, we review the court's conclusions of law de novo and

defer to its findings of fact if supported by evidence in the record. *People v. Marquardt*, 2016 CO 4, ¶ 8. We view the record as a whole and in the light most favorable to the People, and we defer to the fact finder to resolve any conflicts in the testimony and determine the credibility of witnesses. *See People in Interest of Ramsey*, 2023 COA 95, ¶ 23; *see also Strodtman*, 293 P.3d at 130.

¶ 9     The third *Medina* element requires a court to determine that no less intrusive alternative to the proposed medication is available. *Medina*, 705 P.2d at 973. This element "encompasses not only the gravity of any harmful effects from the proposed treatment but also the existence, feasibility, and efficacy of alternative methods of treating the patient's condition or of alleviating the danger created by that condition." *Id.* at 974. A less intrusive alternative is "an available treatment that has less harmful side effects and is at least as effective at alleviating a patient's condition as the proposed treatment." *Strodtman*, 293 P.3d at 133.

### B.     Sufficient Evidence Presented

¶ 10     Viewing the record in the light most favorable to the People, we conclude that Dr. Pillai's testimony provides clear and convincing evidence of the third *Medina* element. *Pflugbeil*, 834 P.2d at 846-

5

47. As relevant here, Pillai directly testified that there is no less intrusive treatment alternative to the requested medications. He also testified that:

- Because Sweeney is suffering from acute mania, *a mood stabilizer* and an antipsychotic are the "first line of treatment." (Emphasis added).

- Based on the severity of Sweeney's symptoms, "she would require *a mood stabilizing agent* along with Zyprexa to return to her normal baseline." (Emphasis added.)

- Depakote would treat Sweeney's mania and target her symptoms of irritability, mood lability, and impulsivity.

¶ 11    This evidence demonstrates that Zyprexa alone is not a less intrusive treatment alternative, because it would not be at least as effective at alleviating Sweeney's condition as the proposed treatment. *See Strodtman*, 293 P.3d at 133. That is, Zyprexa alone would not treat Sweeney's mania, irritability, mood lability, and impulsivity.

¶ 12    To the extent Sweeney also argues that treatment with Depakote is not the least intrusive alternative because the backup version requires NG tube administration, we conclude that the

6

district court properly considered "the gravity of any harmful effects from the proposed treatment" and weighed that in view of Sweeney's serious symptoms and need for treatment. We also note that the court ordered CMHHIP to offer oral and intravenous injection (if available) of Depakote before resorting to the NG version. Thus, the court adequately considered the existence of alternative methods of treating Sweeney's condition and the least restrictive means by which to administer the requested medications when it issued its order. *See Medina*, 705 P.2d at 974.

## III. Disposition

¶ 13 The order authorizing the involuntary administration of medication is affirmed.

JUDGE FOX and JUDGE HARRIS concur.